AEROQUIP CORP. *v.* UNITED STATES

No. 5790.—Invoice dated Havana, Cuba, October 21, 1941.
Entered at Muskegon, Mich., December 22, 194
Entry No. M?

No appearance by the plaintiff.

*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

KEEFE, Judge: This reappraisement involves the proper value of an importation of 500 alligator leather cigarette cases from Cuba. The articles were invoiced at a c. i. f. price of 95 cents each, total $475, including, according to the invoice, an import duty of 17 per centum, airmail postage $65 per pound, packing $10, and an export tax ¼ of 1 per centum. The merchandise was entered at the same unit price, less United States duty $133, and less expenses $47.42, equalling a total entered value of $294.58, or a packed *per se* unit price of $0.589 each. The appraiser found the *per se* value of the merchandise to be $0.7309 each, totaling for 500 pieces $365.45. Duty was figured upon $365 at 28 per centum ad valorem, or $102.20, requiring the importer to pay a duty of $19.60 supplemental to the duty he had paid of $82.60. Inasmuch as the entered price was undervalued 24 per centum, an additional duty was levied at 1 per centum for every per centum of advance, equal to $87.60.

The importer argues that in arriving at the appraised value the appraiser assumed that the value of the merchandise was equal to the total invoice price, less nondutiable charges, less the 17 per centum duty, and it is contended that the figure of 17 per centum used on the invoice was an error. Three photostatic copies of letters as proof of plaintiff's contention were admitted in evidence as exhibit 1.

The first letter was written by the exporter to the forwarding agents in Havana, Cuba, instructing them as follows:

to have the COD of $475.00 reduced to $294.58.—This latter amount, must be collected from the consignee plus $47.48 for express charges to cover the $43.68—charges appearing on the AWB #863690, covering the shipment—and $3.74 expenses incurred at Muskegon.

The duties of $133.00 must also be collected from the consignee, therefore the total amount collectible is $475.

We are writing to the Aeroquip Corporation by airmail in order that they may proceed to claim the package immediately.

The second letter was written by the shipper to the plaintiff, advising it that the shipping company had been notified that the $475 was to be distributed as follows:

| | |
|---|---:|
| To be collected C. O. D. for *us* | $294. 58 |
| Transportation charges to be paid by *you* | 47. 42 |
| Duties to be paid by *you* | 133. 00 |
| T O T A L | $475. 00 |

The third letter was also written by the exporter to the plaintiff,

and is very enlightening as to the manner of figuring the duties as $133, the pertinent portions thereof reading as follows:

Upon consultation, we find that the 500 Cigarette Cases we shipped you at a value of $475.00, delivered to you at Jackson, Michigan, as per our agreement, according to the United States Customs, ·pay duties to the amount of 35% ad valorem, or $166.25, less a rebate of 20% as per United States Cuba Treaty, that is, a rebate of $33.25, the duty comes to be only $133.00. Airway Express and other charges amounted to $47.42. Thus, the gross figure is made up as follows:—

Customs House Duties on $475.00:

| | |
|---|---|
| 35% ad valorem, less a rebate of 20% | $133. 00 |
| Airway Express and other charges | 47. 42 |
| Cuban local market value of goods | 294. 58 |

TOTAL VALUE OF GOODS AT JACKSON, Mich _ _ _ _ _ _ _ $475. 00

We have consulted the Cuban Collector of Customs at Havana, the United States Consulate General, and a real authority in United States and Cuban Customs Tariffs, and all agree that you should not have paid over $133.00 duties.

The only question in this case arises because of the duty to be deducted upon goods that were purchased c. i. f. Jackson, Mich. The appraiser observed that the invoice listed a duty of 17 per centum among the included charges. However, he accepted the transportation charges as entered and as noted in the foregoing letters of $47.42, which he subtracted from the total price of $475 and divided the balance, $427.58, by 117 per centum in order to obtain the total *per se* price of $365.45 for the merchandise. By dividing such sum by 500 the unit price of $0.7309 for each case was obtained. Duty then was assessed upon the basis of $365, the price of 500 pieces at such unit.

Exhibit 3 discloses that the Cuban local market value of the merchandise for the 500 pieces was $294.58, which was the entered price thereof. Clearly the invoice listed the 17 per centum duty in error, and a further error occurred in figuring the c. i. f. price because of the ignorance of the exporter, and agencies advising the exporter, as to the method of obtaining a c. i. f. price from a unit value. Because of the latter error $133 was paid by the importer, whereas only $82.60 thereof was applicable as duty and thus the exporter received $50.40 more for the goods than the foreign value thereof, approximately 17 per centum higher than the value as entered. Nevertheless, I am of the opinion that the evidence is sufficient to establish that the foreign value of the merchandise on the date of shipment was as entered, and I find such to be the dutiable value thereof.

Judgment will be entered accordingly.